## STATE v. BENJAMIN S. DAVIS.

In an indictment for forgery, if it appears that the instrument is kept out of the possession and knowledge of the jury by the action of the prisoner himself, the act is equivalent to the destruction of the instrument. And such destruction is sufficiently alleged, under the circumstances, when it is charged in the indictment that the prisoner has "disposed of" the instrument.

Indictment for forging a bond or other instrument, is sustained by proof of the forgery of the name of one of the obligors in the bond.

After declaring himself ready for trial, a prisoner cannot object for want of time in which to produce a paper alleged to be in his possession, having had two days notice to produce it.

(*State* v. *Garret*, 1 Ired. 27, cited and approved.)

INDICTMENT for forgery tried before *Watts, J.*, at the Spring Term, 1873, of NORTHAMPTON Superior Court.

The prisoner was charged in the idictment with forging "a certain bond and writing obligatory, the words and figures of which said forged bond are to the jurors aforesaid unknown, the same having been in the possession of the said Benjamin S. Davis," (the prisoner,) "long before the taking of this inquisition, and the same having long before the taking of this inquisition, been in some way, to the jurors unknown, disposed of by the said Benjamin S. Davis, which said forged bond and writing obligatory was dated at some date, to the jurors unknown, in the year A. D. 1866, promised to pay to Andrew J. Britton the sum of one hundred dollars, and purported to be signed and sealed by Benjamin S. Davis, E. C. Davis and J. M. S. Rogers, (and the same cannot be more fully described for the reason hereinbefore stated,) with intent to defraud the said Andrew J. Britton." Prisoner pleaded "not guilty."

At the same term the prisoner was tried, and two days before the trial notice to produce the forged instrument was served on the prisoner in jail. On the trial the prisoner's counsel insisted that it was necessary to set forth in the indictment a copy of the instrument alleged to be forged, *in totidem verbis.* The Court overruled the objection and

the defendant excepted. The counsel for the prisoner asked his Honor to charge the jury : 1st. That the jury cannot convict the prisoner, because the State has failed to prove that J. M. S. Rogers, whose name it is alleged, was forged, is identical with the J. M. S. Rogers who is produced in evidence.

2d. That the jury cannot convict, because the instrument alleged to be forged has not been produced in evidence.

3d. The bill having charged as a part of the description of the instrument alleged to have been forged, that it was signed by Benjamin S. Davis, E. C. Davis and J. M. S. Rogers, if the jury are satisfied from the evidence that the instrument was signed B. S. Davis, and not Benjamin S. Davis, it is fatally defective.

As to the first instruction prayed, his Honor left it as a matter of fact to the jury whether or not the J. M. S. Rogers, whose name it was alleged was forged, was identical with the J. M. S. Rogers who was examined as a witness for the State.

The second instruction was refused upon the ground that if the jury believed the evidence the State had accounted for the non-production of the instrument of which the forgery was alleged to have been committed.

As to the third instruction, his Honor charged that if the jury believed that the note purported to be signed by Benjamin S. Davis, the prisoner is not a fatal variance, if the evidence left it in doubt, whether the form of his signature was Benjamin S. Davis or B. S. Davis.

The prisoner was convicted; whereupon his counsel moved for a new trial, which motion was refused. They then moved in arrest of judgment, for the reason that the indictment should have stated in what respects the instrument was a forgery, whether it consisted in an alteration of

the face, or the falsely forging a signature. Motion refused. Judgment, and appeal by prisoner.

*W. W. Peebles*, with whom was *Barnes* and *Batchelor, Edwards & Batchelor*, for the prisoner, submitted :

It is necessary that the indictment should set forth the bond in words and figures. 2 Russell, 359 marginal; *United States* v. *Britton*, 2 Mason, 468; Wharton American Crim. Law 1470; *State* v. *Twitty*, 2 Hawks, 248.

The exceptions to this rule are where the forged instrument has been destroyed *by the prisoner* , or has remained *in his possession ;* and it must appear in the indictment what is the cause of the non-description; 8 Mass. R. 110.

It not appearing from the face of the bond to be a thing prohibited to be forged, the purport must be expressly averred : 2 Russell, 362 marginal.

If the forged bond be in possession of the prisoner, the prosecutor cannot give secondary evidence of its contents without notice to produce it *a reasonable time before the commencement* of the term of trial. *Rex* v. *Hayworth,* 19 Eng. Com. L. Rep., p. 370, (4 Car. & Payne 254.) In *Rex* v. *Hunter,* 14 Eng. Com. L. Rep. 469, notice to produce the deed was given *previously* to the commencement of the assizes. In *Rex* v. *Hayworth* above, it is held to be necessary to be *before* the commencement of the term.

*Attorney General Hargrove* and *Cox,* and *Busbee & Busbee,* for the State.

It is essentially necessary to a complaint for forgery that the instrument should be set forth in words and figures, if in the possession of the magistrate or prosecutor. But if the instrument has been secreted, detained or destroyed by the party charged, it will be sufficient to allege that the

instrument was so detained, secreted or destroyed, and therefore the tenor and the substance of it cannot be set forth in the complaint. Davis, Justice, bottom 238 page.

In an indictment for murder, though it is required to set forth the instrument with which the slaying took place when known, yet if unknown and the Grand Jury are precluded from ascertaining with greater certainty how it was done, may state by means unknown. *State* v. *Webster*, 5 Curting, 295; *State* v. *Williams*, 7 Jones, 446.

So in forgery this particularity may be dispensed with if the instrument is destroyed or in the hands of the prisoner, upon the fact appearing in the indictment; and then subtance need only be given. 1 Bishop Crim. Precedent, 303, and cases then cited, and 2 Bishop Crim. Precedent practice, 387 and 388. For form of indictment see Wharton's Crim. Precedents, 291, and *People* v. *Badgely*, 16 Wendell, 53.

Exceptions to the rule requiring instruments to set forth in the indictment is when instrument in hands of prisoner. Per. J. Sedgwick, 8 Mass. 110. *Peddleton* v. *Com*, 1 Leigh 694.

If any part of a true instrument be altered, may lay it as a forgery of the whole instrument. 2 Russ on Crim, p. 388; 2 Easts P. C., p. 978, 986, 988.

An indictment for forging a bond against one of the obligors therein may allege the forgery of the whole instrument by him. *State* v. *Gardner*, 1 Ired. 26. Forgery may be generally or specially alleged. *State* v. *Weaver*, 13 Ired. 491.

RODMAN, J. The defendant moves in arrest of judgment, because the instrument alleged to be forged is not set forth according to its tenor, and no sufficient reason is given for the omission.

The indictment charges that the defendant forged "a certain bond and writing obligatory, the words and figures of

which said forged bond are to the jurors aforesaid unknown, the same having been in the possession of the said Benjamin S. Davis long before the taking of this inquisition, and the same long before the taking of this inquisition, been, in some way to the jurors unknown, *disposed of* by said B. S. Davis, which said forged bond and writing obligatory, was dated at some date, to the jurors unknown, in the year A. D. 1866, promised to pay to A. J. B., the sum of $100, and purported to be signed and sealed by Benjamin S. Davis, E. C. Davis and J. M. S. Rogers (*and the same cannot be more fully described for the reason hereinbefore stated,*) with intent to defraud the said A. J. B.," &c.

The law clearly is that the forged instrument must be described according to its tenor, or else it must be shown that it has been destroyed by the prisoner, or is in his possession and withheld from the jury, so that the tenor cannot be set forth. We think that it is sufficiently averred in this case. The words " disposed of" would be ambiguous; but when the indictment proceeds to aver that by reason of its having been " disposed of" the same cannot be more fully described, it sufficiently avers such a disposition as amounts to a destruction within the reason of the rule. If, by the action of the prisoner, the instrument is kept out of the possession and knowledge of the jury, that act is equivalent to its destruction.

2. The prisoner moves for a new trial, because the indictment charges a forgery of the whole instrument, whereas the evidence shows a forgery of the name of Rogers alone, while the prisoner's own signature is of course genuine. This objection is answered by the case of *State* v. *Gardner,* 1 Ired. 27, which is in point.

3. He moves for a new trial on the further ground that secondary evidence of the contents of the forged writing was admitted, although it was not charged and proved that the same was in his possession, and he had received no suffi-

cient notice to produce it. The notice to produce was served on the prisoner after the term at which the trial was, had began, when the prisoner was in prison, and some few (say two) days before the trial. The learned counsel cited several English cases, in which it is held that such a notice is insufficient. Decisions of other States or countries on mere matters of practice can have but little weight, unless they can be shown to be founded on some general principle of justice or convenience. There may be differences in the circumstances not apparent to us. There can be no doubt that if the prisoner had requested the aid of the Court in sending for the paper, it would have been given to him if circumstances did not make it inconvenient or unreasonable. And if, when called on for trial he had declared that the production of the paper was material to his defense, and his ability and readiness to produce it within a reasonable time, the Court would have postponed the trial. But after he declares himself ready for trial, no injustice is done him by allowing secondary evidence of a paper which he has either destroyed, or having under his control, refuses to produce. To adopt what seems to be the English practice would, under our system of Courts, be extremely inconvenient.

There is no error. Judgment affirmed. Let this opinion be certified.

PER CURIAM.                    Judgment affirmed.