COMMONWEALTH *vs.* GEORGE R. HENRY.

Worcester.    October 5. — 30, 1875.    WELLS & AMES, JJ., absent.

At the trial of an indictment charging the defendant with the forgery of a promissory
note, it appeared upon the production of the note that the word "Athol," which
did not appear in the copy of the note set forth in the indictment, was written in
pencil at the extreme bottom of the note, under the signature of the maker. It did
not appear when or by whom it was written. The government contended that the
forgery was of the name of the maker, who resided at Athol. *Held*, that a motion
by the defendant to dismiss the indictment on the ground of variance was rightly
overruled.

On the trial of an indictment for making and uttering a forged promissory note, the
judge instructed the jury that to constitute the offence of forgery there must be an
intent to defraud, that it was not essential that any person was actually defrauded,
but there must be a possibility of some person being actually defrauded; that if
the defendant signed the name of A. (the person purporting to be the maker) with-
out his authority, and passed it as the note of A., expecting to be able to meet it
when due, it would be a forgery. *Held*, that these instructions were to be taken
together, and that the defendant had no ground of exception.

INDICTMENT for forgery, charging the defendant in the first
count with making, and in the second with uttering, a promissory
note of the tenor following: " $876. Worcester, Mass., July 9th,
1874. Four months after date, I promise to pay to the order of
G. R. Henry, eight hundred and seventy-six dollars, at Central
National Bank, Worcester. Value received. J. C. Hill." In-
dorsed " G. R. Henry."

At the trial in the Superior Court, before *Dewey,* J., it ap-
peared, upon the production of the note, that the word " Athol "
was written in ·pencil at the extreme bottom of the note, under-
neath the signature " J. C. Hill," and it did not appear when,
nor by whom the word " Athol " was written.

The government contended that the forgery was of the name of
J. C. Hill, who resided at Athol, Massachusetts, and the defend-
ant moved to dismiss the indictment on the ground of a variance
between the note as alleged and the note as proved.

The government introduced evidence that the defendant, when
he passed the note, represented that it was signed by John C.
Hill, of Athol, a man of property and well known; that it was
not so signed, and contended that it was signed by the defendant.
This was denied by the defendant, who introduced evidence that
the note was signed in good faith by a broker in Providence,

Rhode Island, of the name of J. C. Hill; and these questions were submitted to the jury.

There was evidence that the defendant was possessed of property at the time the note was made and passed, which was about the time of its date, and that before it became due, but after it was claimed that it was forged, the defendant paid a portion of the note and gave security for the balance thereof, making a settlement of the note thereby, before its maturity, with the holder thereof, so that he sustained no loss thereby. John C. Hill, of Athol, testified that he had not suffered any loss by reason of the signature to the note. The defendant requested the judge to rule that if the jury were satisfied, upon the whole evidence, that the defendant did not intend to defraud any one at the time when he made or uttered the note, but that he intended and had the means to pay said note when it became due, and would have done so but for the previous settlement of the same, he could not be convicted upon either count.

The judge declined to give the ruling, but instructed the jury as follows: " That to constitute the offence of forgery, it is essential that there be an intent to defraud, but it is not essential that any person be actually defrauded, but there must, at all events, be a possibility of some person being defrauded by the forgery. That if the defendant signed the name of J. C. Hill to said note without the authority of said Hill, and passed it as the note of J. C. Hill, expecting to be able to meet it when due, is would be a forgery."

The jury returned a verdict of guilty on both counts; and the defendant alleged exceptions.

*C. A. Merrill*, for the defendant. 1. The burden of proof in cases of forgery does not shift; and if, on the production of a note at the trial, there appears to be a word which is a part of the note not contained in the note described in the indictment, it is a fatal variance. Especially is this so when by the evidence of the government the defendant's representation was that the note was signed by a person of a place the name of which is the very word constituting the variance. The defendant was entitled to the benefit of the presumption that the word Athol was written by J. C. Hill, when he signed the note, to show that his representation was true. The indictment describes the note in each count

to be " of the tenor following." *Commonwealth* v. *Stevens*, 1 Mass, 203. *Commonwealth* v. *Wilson*, 2 Gray, 70.

2. The instruction " That if ·the defendant signed the name of J. C. Hill to said note without the authority of said Hill, and passed it as the note of J. C. Hill, expecting to be able to meet it when due, it would be a forgery," is not law ; because in that instruction, which was the only one in which the judge applied the law to the evidence, and the only one in which the court attempted to meet the defendant's request for ruling, the question of intent to defraud was omitted. This was the material fact to be shown by the government. *Commonwealth* v. *Ayer*, 3 Cush. 150. *Commonwealth* v. *Ladd*, 15 Mass. 526.

*C. R. Train*, Attorney General, for the Commonwealth.

DEVENS, J. Whether the omission of the word " Athol," in the description of the note in the indictment, if it had been shown that it was actually upon it when made or uttered, would have been a fatal variance, need not be discussed. St. 1864, *c.* 250, § 1. *Commonwealth* v. *Wilson*, 2 Gray, 70. *Commonwealth* v. *Hall*, 97 Mass. 570. As it did not appear when or by whom this word was written in pencil at the extreme bottom of the note, the court could not have assumed that it was written at the time of making or uttering the note, and could not therefore, even if its omission would in such case have been a fatal variance, have dismissed the indictment or ordered a verdict for the defendant. If the omission was important, it was for the jury to decide whether or not the word was upon the note when it was made or uttered, and the defendant's motion was properly refused.

The last sentence of the instruction given by the judge, in response to the request of the defendant, " that if the defendant signed the name of J. C. Hill to said note without the authority of said Hill, and passed it as the note of J. C. Hill, expecting to be able to meet it when due, it would be a forgery," would undoubtedly, if it stood alone, be a defective statement of the law. But it is not to be separated from the sentence which precedes it, which distinctly states that there must be an intent to defraud, and, as thus connected, the obvious meaning of the instruction, and so it must have been understood by the jury, was that if the defendant signed the note under the circumstances supposed, in tending thereby to defraud, this would be a forgery, even if he

expected to be able to meet the note when due. The subject to which the request of the defendant was apparently intended to call the attention of the presiding judge, was the effect of his possession of the means and of his intention to take up the note when due, and in relation to this the statement of the law was correct. The intention of one who utters a forged note to take it up at maturity, and the possession of means which will enable him to do so, do not rebut the inference of intent to defraud, which is necessarily drawn from knowingly uttering it for value to one who believes it to be genuine, nor deprive the transaction of its criminal character. *Commonwealth* v. *Tenney*, 97 Mass. 50.

*Exceptions overruled.*