## COMMONWEALTH *vs.* DAVID F. PARMENTER.

Worcester.    Oct. 6. — Nov. 4, 1876.    COLT & MORTON, JJ. absent.

It is no ground for quashing an indictment for obtaining money by false pretences, that it contains some immaterial allegation, or that some one of the pretences charged is not properly charged, if upon its face there appears to be an offence stated with proper precision and formality.

At the trial of an indictment for obtaining money by falsely pretending that a cer-tain note was valid and secured by a real estate mortgage, evidence is admissible tending to show that the defendant represented to the person defrauded that the note was secured by mortgage.

At the trial of an indictment for obtaining money by falsely pretending that a cer-tain promissory note was valid and genuine, it appeared upon the production of the note that the words, " This note is secured by real estate mortgage," which did not appear in the copy of the note set forth in the indictment, were written in the margin. *Held,* that there was no variance.

INDICTMENT, under the Gen. Sts. *c.* 161, § 54, charging that the defendant, at a time and place named, " devising and intend-ing by unlawful ways and means to obtain the money, goods and chattels of Rhoda Corser, and with intent to cheat and defraud said Rhoda Corser, did then and there unlawfully, knowingly and designedly, falsely pretend and represent to said Rhoda Cor-ser that a certain promissory note of the tenor following, that is to say, ' $464.00.   Worcester, Mass. April 2d, 1873.   One year after date, I promise to pay to the order of Rhoda Corser four hundred and sixty-four dollars, with interest payable annually at the rate of twelve per cent., value received.   John Coonan,' was a valid and genuine note, and that the signature thereto was gen-uine, and that said note was secured by a real estate mortgage; and that the said Rhoda Corser, then and there believing said false pretences and representations, so made as aforesaid by said Parmenter, and being deceived thereby was induced, by reason of the false pretences and representations so made as aforesaid, to deliver and loan, and did then and there deliver and loan to said Parmenter, the sum of four hundred and sixty-four dollars lawful money, of the money and property of said Rhoda Corser, and did then and there take and receive from said Parmenter said note in consideration of said sum of money so as aforesaid delivered and loaned; and the said Parmenter did then and there receive and obtain said sum of money of said Rhoda Corser, by

means of the false pretences and representations aforesaid, with intent to cheat and defraud said Rhoda Corser of said sum of money. Whereas in truth and in fact, said note was not a valid and genuine note, and the signature thereto was not genuine, and said note was not secured by a real estate mortgage, all of which the said Parmenter then and there well knew. So the jurors aforesaid, on their oaths aforesaid, do say that the said David F. Parmenter, by means of the false pretences aforesaid, on the second day of April, in the year eighteen hundred and seventy-three, at Worcester aforesaid, unlawfully, knowingly and designedly did receive and obtain from said Rhoda Corser, said sum of money the property of said Rhoda Corser, with intent to defraud said Rhoda Corser of the same."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment for the following reason : " Because the indictment does not allege that the defendant represented that the note was secured by a mortgage of any value on any property of value, or that said mortgage was signed by a person of any responsibility, or that said note was secured by a mortgage in favor of the person alleged to have been defrauded, nor does it state whether the makers or indorsers were secured by the mortgage." *Aldrich*, J., overruled the motion.

The defendant was then tried, and the government was allowed, against the defendant's objection, to introduce evidence tending to show that the defendant represented to the person alleged to have been defrauded, that the note in question was secured by a mortgage.

In the margin of the note were these words: " This note is secured by real estate mortgage." The defendant requested the court to rule that this constituted a fatal variance, which the judge declined to do.

The jury returned a verdict of guilty; and the defendant moved in arrest of judgment on the same ground as his motion to quash. The judge overruled the motion; and the defendant alleged exceptions.

*W. A. Gile & C. A. Merrill*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

LORD, J. It is no ground for quashing an indictment for obtaining property by false pretences, that it may contain some

immaterial allegation, or that some one of the pretences charged may not be properly so charged, if upon its face there appears to be an offence stated with proper precision and formality.

The fact that the defendant represented that the note in evidence was secured by mortgage was competent evidence, and the instructions required in relation to it would depend upon the state of the evidence, and will be presumed to be proper if no objection is made to them. No such objection appears, and no error is therefore to be presumed.

The objection that there was a variance between the note produced and the note described in the declaration is decided to be unfounded. *Williams* v. *Hayward*, 117 Mass. 532. *Commonwealth* v. *Henry*, 118 Mass. 460.

The objection that the false pretences must have been in writing does not appear to have been raised upon the trial; nor does it appear affirmatively that they were not in writing; nor is the case at bar within the class of cases in which the statute requires the false pretences to be in writing. Gen. Sts. *c*. 161, § 54.

*Exceptions overruled.*