## COMMONWEALTH vs. JAMES STEVENSON.

Suffolk. November 26, 1878. — September 8, 1879.

An indictment on the Gen. Sts. *c.* 161, § 54, alleged that the defendant, to induce M
to sign a lease to C., falsely represented that C. was a liquor-dealer doing busi
ness as such in B.; that C. was a man worth ten thousand dollars; and that a
certain person whom the defendant pointed out to M. was C. *Held*, that the
first allegation was of a representation of a material fact; that the second was
not; and *semble* that the third was not.

It is no ground for quashing an indictment on the Gen. Sts. *c.* 161, § 54, that it
contains some immaterial allegations, or that some one of the pretences charged
is not properly charged, if upon its face there is an offence stated with propei
precision and formality.

It is no objection to an indictment on the Gen. Sts. *c.* 161, § 54, charging the de-
fendant with inducing another to sign a lease by means of false pretences, that
the false pretences are not alleged to have been in writing.

An indictment on the Gen. Sts. *c.* 161, § 54, charging that the defendant falsely
represented to A. that he had then and there in his possession a check for the
payment of money drawn by him in favor of A., from the proceeds of which
he intended to pay certain bills due from A. to other persons, does not set out
a false pretence within the statute.

At the trial of an indictment on the Gen. Sts. *c.* 161, § 54, charging the defendant
with defrauding A. by means of false pretences, a record of a proceeding for
divorce, in which A. was a party and in which the jury found that A. had com-
mitted adultery, is not admissible to affect the credibility of A. as a witness.

INDICTMENT on the Gen. Sts. *c.* 161, § 54, in two counts.
The first count charged that the defendant on June 8, 1877,
at Boston, "with intent to cheat and defraud one Eliza D.
Mayo, and with the view and intent to obtain the signature
of said Mayo to a certain written instrument and lease herein-
after described, and to induce the said Mayo to lease, demise
and let then and there, to one T. F. Conlin, under and according
to the provisions of said instrument, the dwelling-house belong-
ing to said Mayo, situate and numbered two on Dover Street in
said Boston, did then and there, unlawfully, knowingly and de-
signedly, falsely pretend and represent to said Mayo, that said
T. F. Conlin was then and there a liquor-dealer, then doing busi-
ness as such dealer in Broad Street in said Boston, and that said
Conlin was then and there a man worth ten thousand dollars,
and that a certain person whom the said Stevenson then and
there pointed out and designated to said Mayo was then and there
the said T. F. Conlin. And the said Stevenson then and there

asked and requested the said Mayo to then and there put and sign the name and signature of her, the said Mayo, to the said written instrument and lease. And the said Mayo, then and there believing the said false pretences and representations, sc made as aforesaid by the said Stevenson, and being deceived thereby, was induced, by reason of the false pretences and representations, so made as aforesaid, to put and sign, and did then and there put and sign, the name and signature of her, the said Mayo, to the said written instrument and lease, the false making whereof would be punishable as forgery, and to deliver, and did then and there deliver, to the said person so as aforesaid designated by the said Stevenson to be the said T. F. Conlin, the said written instrument and lease, with the signature of the said Mayo, so as aforesaid obtained and affixed thereto. And the said Stevenson did then and there receive and obtain the said signature of the said Mayo to the said written instrument and lease by means of the false pretences and representations aforesaid, and with intent to cheat and defraud the said Mayo." The count also set forth the lease; negatived the truth of the representations; and concluded in the usual manner.

The second count charged that the defendant, on June 8, 1877, at Boston, " with intent to cheat and defraud, did then and there, unlawfully, knowingly and designedly, falsely pretend and represent to one Eliza D. Mayo that he, said Stevenson, then and there had in his possession a check and order for the payment of money, for a large sum of money, to wit, the sum of thirteen hundred and forty-three dollars; that said check was then and there drawn to the credit of her, said Mayo, by him, said Stevenson; that said Stevenson then intended to immediately pay with the proceeds of said check, for her, said Mayo, certain bills then due, and to be paid from her, said Mayo, to wit" (setting forth the bills); that " said Stevenson then and there asked and requested said Mayo to sign, seal and deliver to him, said Stevenson, among other papers, a certain instrument, to wit, a deed of the tenor following" (setting it forth). And the said Mayo, then and there believing the said false pretences and representations so made as aforesaid by him, the said Stevenson, to be true, and being deceived thereby, was induced, by reason of the false pretences and representations, so made as aforesaid, to sign, seal

and deliver, and did then and there sign, seal and deliver, to the said Stevenson, said deed hereinbefore set forth. And the said Stevenson did then and there receive and obtain said signature of the said Mayo to said deed, by means of the false preterces and representations aforesaid, and with intent to cheat and defraud." The indictment then negatived the truth of the representations ; and concluded in the usual manner.

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment for reasons which sufficiently appear in the opinion. *Aldrich*, J., overruled the motion.

The defendant was then tried; and at the trial offered in evidence, for the purpose of affecting the credibility of Eliza D. Mayo as a witness, the record of a proceeding for divorce in the Supreme Judicial Court, in which she was found by the jury to have committed adultery with James M. Huse. The judge excluded the evidence. The jury returned a verdict of guilty on both counts ; and the defendant alleged exceptions.

*C. B. Southard*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The first question in this case arises upon the defendant's motion to quash. The indictment contains two counts, setting forth different offences. As to the first count we are of opinion that the motion to quash was rightly overruled.

A false pretence, within the statute, is a representation of a material fact, calculated to deceive, which is not true. *Commonwealth* v. *Drew*, 19 Pick. 179. The first count alleges that, in order to induce Mrs. Mayo to sign a lease to Conlin, the defendant falsely represented that said Conlin "was then and there a liquor-dealer, then doing business as such dealer in Broad Street in said Boston, and that said Conlin was then and there a man worth ten thousand dollars, and that a certain person whom the said Stevenson then and there pointed out and designated to said Mayo was then and there the said T. F. Conlin."

The representation that Conlin was "a man worth ten thousand dollars" might have been intended and understood as the expression of an opinion or judgment, and not as the representation of a fact. *Morse* v. *Shaw*, 124 Mass. 59. *Homer* v. *Perkins*, 124 Mass. 431. As it is not aided by any other averments in

the indictment, it is not, as set out, a false pretence within the statute. So the pointing out a person as Conlin would not seem to amount to the representation of a material fact which was calculated to deceive Mrs. Mayo and induce her to sign a lease to Conlin. But it is no ground for quashing an indictment for obtaining money by false pretences, that it contains some immaterial allegations, or that some of the pretences charged may not be properly charged, if upon its face there is an offence stated with proper precision and formality. *Commonwealth* v. *Parmenter*, 121 Mass. 354. A majority of the court are of opinion that the representation that " Conlin was then and there a liquor-dealer, then doing business as such dealer in Broad Street in said Boston," is a false pretence within the statute; and, therefore, that the first count is sufficient. It is the representation of a fact calculated to deceive. It imports that Conlin was established in business in Boston, a fact which, if believed, would naturally be influential in inducing Mrs. Mayo to make the lease to him. The objection that the false pretence is not alleged to be in writing cannot prevail. The statute does not require that, in cases like this, the false pretence should be in writing. Gen. Sts. *c.* 161, § 54. *Commonwealth* v. *Parmenter, ubi supra.*

As to the second count, we are all of opinion that it is insufficient. The only allegation in that count is that the defendant falsely represented to Mrs. Mayo that he had then and there in his possession a check for the payment of money drawn by him in favor of Mrs. Mayo, from the proceeds of which he intended to pay certain bills due from her to other persons. There is no allegation that he had or pretended to have money in the bank on which the check was drawn, or that he showed or offered the check to her, or that she had any control over it. And the only proper legal construction of all the allegations is that the defendant agreed to take his own money and pay the bills due to the several persons by Mrs. Mayo if she would sign the deed. This was a promise to do something in the future with no representation of any existing material fact. *Commonwealth* v. *Drew, ubi supra.* The mere representation that he had drawn a check, without stating that he had money in the bank, was immaterial; and if it could be treated as a representation that he had money in the bank, the indictment is still fatally defective in not nega-

tiving that fact. For aught that appears, he may have had the money subject to such a draft.

The only other exception is to the exclusion by the court of the record of the divorce proceedings in which Mrs. Mayo was a party, and in which the jury found that she had committed adultery. Such record did not show the conviction of the witness of any crime which, under the statute, would be admissible to affect her credibility. St. 1870, c. 393, § 3.

The result is that the second count should be quashed, and, as to it, the exceptions are sustained; but, as to the first count, the exceptions are overruled.