THE STATE OF IOWA v. R. TRIPP, Appellant.

**False Pretenses: VENUE.** An indictment for obtaining a signature to a deed by false representations, alleging that accused, being in Dallas county, represented that he was owner of certain property in Des Moines, and had authority to convey it for certain property in such county, and then and there offered to sell and procure a deed to such Des Moines property, properly lays the venue in Dallas county, the words "then and there" having reference to said county and not to the description of the property.

OBTAINING DEED IN BLANK. Under Code section 5041, making it an offense for any person by false pretenses to obtain the signature of any person to any written instrument the false making of which would be a forgery, the procuring by false representations of the signature to a deed purporting to convey realty, though executed in blank as to grantee, is indictable, since the false making of such a deed would be forgery.

*Introducing copy.* On the trial of an indictment for obtaining the signature to a deed by false representations, which averred that it was executed in blank as to the grantee, a certified copy of the recorded deed to the property described in the indictment, which the party whose signature was obtained stated was the only deed he had executed to such realty, is properly received in evidence after notice to the accused to produce the original, over objection that it was not a copy of the deed set forth in the indictment, where it was an exact copy except as to the name of the grantee and the county of his residence and the state claimed that the name of a grantee and a county had been fraudulently inserted into the deed after its delivery in blank.

*Instructions.* Where, on the trial of an indictment under Code, section 5041, for procuring a deed executed in blank as to grantee to certain realty by false representations, a certified copy of the deed alleged to have been executed was put in evidence after notice to accused to produce the original, with evidence of an intent of the grantor to transfer his property by the execution of a deed of which it was a copy except as to the name of the grantee and the county of his residence, it is not error to instruct that the false making of such instrument would be forgery, and that there was evidence tending to

show that such grantor signed the deed at the time alleged in the indictment.

INDUCEMENTS:   *Instructions.*   On a prosecution for procuring a deed to certain property by false representations, an instruction to acquit the accused if the grantor did not believe the statements, and they did not induce him to sign the deed, but he was entirely induced to sign the deed because of accused's promise to procure a conveyance to the grantor of other property, is not erroneous as directing that accused could not be acquitted unless the jury found that the grantor not only did believe the statements but was also induced to sign by accused's promise to procure such conveyance.

Indictments:   REPUGNANCY:   *Duplicity.*   Under Code, section 5290, providing that no indictment shall be held insufficient for repugnant allegations when sufficient matter is alleged to clearly indicate the offense, an indictment under Code, section 5041, for obtaining a signature to a deed by false pretenses it not demurrable in charging a representation by defendant that he was the owner of certain property, and that he had authority to sell it, and would procure a deed therefor, and also charging that· accused made a false promise additional to his false representations, stating that such false promise as one of the inducing clauses, since, the obtaining of the signature being the gist of the offense, inconsistent statements of the means used to accomplish the fraud did not make the indictment bad.

FALSIFYING PRETENSE:   *Averring Scienter.*   An indictment under Code, section 5041, for obtaining the signature to a deed by false pretenses, averring that accused falsely made these representations designedly, and with intent to defraud, well knowing them to be false, is sufficient as against an objection that it does not distinctly falsify the pretenses alleged, nor allege that he made the representations knowing them to be false.

Urging Jury to Agree: On the trial of a criminal case it is not error for the court to recall the jury after they have deliberated for some time, and instruct them as to the desirability of a verdict, and of the proper manner of procedure in arriving at a verdict, when a difference of opinion existed as to the facts.

*Appeal from Dallas District Court.*—HON. J. D. GAMBLE, Judge.

WEDNESDAY, DECEMBER 19, 1900.

DEFENDANT was indicted, tried, and convicted of the crime of obtaining a signature to a warranty deed by false pretenses, and appeals from the judgment pronounced against him.—*Affirmed.*

*G. M. Tripp, E. J. Salmon,* and *C. C. Cole* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—The section of the Code under which the indictment was found reads as follows: "If any person designedly and by false pretense, or by any privy or false token and with intent to defraud, obtain from another person any money, goods, or other property, or so obtain the signature of any person to any written instrument, the false making of which would be punished as forgery, he shall be imprisoned," etc. Section 5041. The following are material parts of the indictment: "That said defendant, in the county aforesaid [Dallas county] then and there being, did unlawfully, feloniously, designedly, and with intent to defraud one Ira A. Brown, represent and pretend to him, the said Brown, that the said R. Tripp was the owner of a certain house and lot in Des Moines, Iowa. That he had authority to sell and convey the said property, and give good title thereto, and had the power and was authorized to sell and convey said property to Ira A. Brown for his twenty-five acres in Dallas county, Iowa * * * and then and there offered to sell and procure a deed for said Des Moines property to said Ira A. Brown for his said Dallas county land, which offer was then and there accepted by said Ira A. Brown, and relying upon the said representations, and in pursuance to said offer and acceptance, the said Ira A. Brown was then and there induced to execute, sign, and deliver to said R. Tripp a certain instrument in writing. the false making of which would be punished as forgery, to-wit, a warranty

deed, which the said R. Tripp then and there had prepared and executed by him, the said Ira A. Brown, which warranty deed was in substance as follows [here follows a warranty deed signed by Ira A. Brown to certain land in Dallas county in the usual form of such conveyances, save that the blank for the name of the grantee is unfilled]; and by means of such false representations and pretenses the said R. Tripp did then and there obtain the name and signature of him, the said Ira A. Brown, to said warranty deed, * * * and the delivery thereof * * * to said R. Tripp; the said R. Tripp in consideration thereof then and there agreeing to procure at once a good and sufficient deed of conveyance of said Des Moines property to said Ira A. Brown; whereas in truth and in fact the said R. Tripp falsely and fraudulently made said representations designedly and with intent to defraud, * * * then and there knowing said representations and pretenses to be false, for the purpose of procuring the signature of said Ira A. Brown to said deed and the execution and delivery thereof; * * * and the said Ira A. Brown believed said representations and pretenses so made to be true, and relied thereon, and was induced to sign said deed, * * * and deliver the same to R. Tripp, and was thereby defrauded; * * * the said R. Tripp failing to execute * * * or procure the execution of a deed to said Des Moines property; the said R. Tripp having no title or interest in said Des Moines property, and no authority to sell or trade the same." Defendant demurred to this indictment on the grounds that it was bad for duplicity; that the venue was not properly laid in Dallas county; that the instrument set out could not and would not import any obligation, and the false making thereof would not be forgery, because the name of the grantee was not filled out, and that the facts stated do not show the commission of an offense in procuring the signature to the deed. The overruling of this demurrer is the basis of the first assignment of error.

In support of the first ground of the demurrer it is argued that the indictment charges two distinct and inconsistent representations, either of which might be the basis of an indictment, in that it charges, first, a representation on the part of the defendant that he was the owner of the Des Moines property; and, second, that he had authority to sell it, and could and would procure a deed therefor—in effect an allegation that he was an agent for the sale thereof. It must be remembered that the crime charged is the obtaining of a signature to an instrument by false pretenses. This is the gist of the offense. The means used are, of course, material, but it does not follow that each statement made to accomplish the fraud should be consistent with every other. If the representations are made at one and the same time, and each and all constitute an inducement to the main act—the obtaining of the signature of the party intended to be defrauded—there is no objection to setting them out in the indictment, although they may not be entirely consistent with each other. That they are inconsistent does not of itself make the indictment bad for duplicity. The fact that defendant made a false promise additional to his false representations, and that this false promise is stated in the indictment as one of the inducing causes, does not take the case out of the statute, or in any way impair the legality of the charge. *State v. Dowe,* 27 Iowa, 275; *State v. Montgomery,* 56 Iowa, 195.

In argument it is contended that the indictment is bad for indefiniteness and uncertainty, in that it charges that the offense was committed in two different and utterly inconsistent ways. Unless this inconsistency amounts to a charge of two separate offenses, the question argued is not raised by the demurrer, and needs no further consideration. We do not think this inconsistency, conceding it to exist, amounts to a charge of separate offenses. The representations are charged as the means used for obtaining the signature, and it is not objectionable to state all the means used, although some of

the statements may be inconsistent with others set out. In-consistency of representation does not go to the validity of the indictment, but to the other question of whether or not the prosecutor was deceived thereby, and induced to sign the instrument. Moreover, we do not think the statements were necessarily inconsistent. As owner of the Des Moines prop-erty, defendant had the right to sell and convey, and as owner he could procure a deed of conveyance thereto to Brown. In any event, there was no objection to setting out all of the statements and representations made by defendant as an inducement to the execution of the deed to the Dallas coun-ty property. If several are set out, all need not be proven. It is sufficient if one be established. Code, section 5290, provides, in substance, that no indictments shall be held in-sufficient for any surplusage or repugnant allegation; when there is sufficient matter alleged to indicate clearly the of-fense and the person charged, or for any other matter which was formerly deemed an imperfection, but which does no tend to prejudice the substan-tial rights of the defendant on the merits. This statute seems to cover all the objections we are now consider-ing. Defendant's contention that the offense is not clearly charged is without merit. As sustaining our conclusions, see *State v. Vandimark,* 35 Ark. 396; *State v. Mills,* 17 Me. 211; *Com. v. Stevenson,* 127 Mass. 446; *Com. v. Parmenter,* 121 Mass. 354.

The claim that the venue is not properly laid in Dallas county is equally without merit. The words "then and there" clearly refer back to Dallas county. The fact that they immediately follow the description of the different prop-erties as in Des Moines and Dallas county is of no signifi-cance. They have reference to the place where the act was done, and not to the description of the prop-erty. Surely, a person of common understanding, reading this indictment, would know what was intended, and could not be mistaken as to the place where the venue was

laid. Strict grammatical construction corresponds with the manifest intent of the pleader, and the second ground of the demurrer is without merit. See Code, section 5290, and *Knight v. State,* 54 Ohio St. 365 (43 N. E. Rep. 995).

Further, it is contended that the deed which it is alleged defendant induced Brown to sign does not and cannot import a legal obligation, for the reason that it was executed in blank. Delivery of the instrument to the defendant is expressly alleged, and the sole question here is, was Brown's signature procured to an instrument the false making of which, under the circumstances alleged, "would be punishable as forgery"? From the statements of fact found in the indictment it appears that Brown and defendant were negotiating for an exchange of properties; at least Brown thought so, and, believing that defendant was the owner of the Des Moines property, or was authorized to make a deed thereto, he executed, signed, and delivered the deed in blank for his Dallas county property to defendant in consideration of his (defendant's) promise to procure a good and sufficient deed to the Des Moines property. Surely the false making of a deed under such circumstances, although the name of the grantee was left blank, would be punishable as forgery. While there is some conflict in the authorities, it seems to be well established in this state that a deed may be executed with the name of the grantee blank, and placed in the hands of another under such circumstances as to create an implied authority in the latter to insert the name of grantee. *Swartz v. Ballou,* 47 Iowa, 188; *Owen v. Perry,* 25 Iowa, 412. Under the circumstances alleged, there was good reason for implying authority in the holder of the deed to insert the name of a grantee. *Smith v. Crooker,* 5 Mass. 538; *Wiley v. Moor,* 17 Serg. & R. 438; *Logan v. Miller,* 106 Iowa, 514. The statute with reference to forgery provides, in substance, that to falsely make any deed or instrument in writing purporting to be the act of another, by which any right or interest in or to any property whatever is or pur-

ports to be created, conveyed or transferred, is forgery. Manifestly, the deed executed under the circumstances set forth, purported to transfer, create, and convey an interest in property. *State v. Burling,* 102 Iowa, 682; *State v. Sherwood,* 90 Iowa, 553; *People v. Crissie,* 4 Denio, 525; *People v. Baker,* 100 Cal. 188 (34 Pac. Rep. 649). The third ground of the demurrer was properly overruled.

The last point made by the demurrer, as we understand it, is that the indictment does not distinctly negative the truth of the pretenses alleged, and does not allege that defendant made the representations knowing them to be false. From the averments of that pleading it will be seen that it does not state that "by means of such false and fraudulent representations and pretenses defendant did obtain the signature of Brown; * * * whereas in truth and in fact defendant falsely and fraudulently made said representations and pretenses designedly, and with the intent to defraud, * * * well knowing said representations to be false, * * * he (the said Tripp) having no title or interest in said Des Moines property, and no authority to sell or trade the same." This excerpt from the indictment meets each of the foregoing objections lodged against it. *People v. Fitzgerald,* 92 Mich. 328 (52 N. W. Rep. 726). There was no error in overruling the demurrer as a whole.

II. Shortly before the trial of the case a written notice was served on defendant to produce the deed signed by Brown, a copy of which was set forth in the indictment. As we understand it, the defendant did not produce the instrument, and it is doubtful if he could have been compelled to do so. *State v. Gurnee,* 14 Kan. 93. Whether or not, in view of the allegations of the indictment with reference to the delivery of the deed to the defendant, notice to produce was necessary, we need not decide, for notice was in fact given. But see *People v. Holbrook,* 13 Johns. 90; *State v. Mayberry,* 48 Me. 218; *McGinnis v. State,* 24

Ind. 500; *State v. Davis,* 69 N. C. 313; *People v. Badgley,* 16 Wend. 53. No response having been made to the notice, the state produced Brown as a witness who testified that he had never seen the deed in question since he signed it; that he had no knowledge of its whereabouts; that the deed was a printed blank in the ordinary form; that a certain exhibit marked "A" was a copy of the deed obtained from the record after the deed was filled out and filed for record; that he had examined the record of the deed, and found it to be a copy of the one he delivered to defendant on June 9, 1896. A duly-certified copy of a recorded deed under date of June 9, 1896, from Ira A. Brown to H. H. Hanawalt, of Polk county, Iowa, to the land covered by the deed described in the indictment, was then produced, marked "Ex. G," and offered and received in evidence over defendant's objections. This ruling is complained of for the reason that Exhibit G is not a copy of the deed set forth in the indictment. Save for the names "H. H. Hanawalt" and "Polk," it is an exact copy of that instrument. The witness Brown further testified that the exhibit was a copy of the deed, with the exceptions stated; that he had never made but one deed to the land, and that the one he delivered to Tripp was that one. In view of this state of the record, there was no error in admitting Exhibit G in evidence. The state claimed that it was a duly-authenticated copy of the original deed, except as to the name of the grantee and the county of his residence, which was fraudulently inserted after delivery to defendant; and the evidence tended to support that contention.

III. The eleventh instruction referred to Exhibit G, and stated that the false making of such an instrument would constitute forgery; and also stated that there was evidence tending to show that Ira A. Brown signed the deed at the time alleged in the indictment. In view of the evidence showing an attempted exchange of properties, and intent on the part of Brown to transfer his property to defend-

ant by the execution of a deed of which this is a copy save as to the name of grantee and the county of his residence, and the explanatory evidence to which we have referred, there was no error in the instruction.    In instruction No. 15 the court, after stating that, if the jury found defendant made the statements of existing facts as alleged, concluded the paragraph as follows: "But if you further find that the said Ira A. Brown did not believe said statements at the time they were made by the defendant to him, and that they did not induce him to sign the deed in question, if he did sign such deed, but that he was entirely induced to sign and deliver said deed to the defendant because of the promise of said defendant to procure a conveyance to the said Ira A. Brown from one Ralph Gibson, of the house and lot in Des Moines, Iowa, then and in that case you should acquit the defendant." This instruction is complained of because under it the defendant could not be acquitted unless the jury found that Brown not only did not believe the statements made to him, but was also induced to sign because of defendant's promise to procure a conveyance from one Gibson for the Des Moines property. It is also contended that there is no evidence that defendant was to procure a deed from Gibson. The instruction, with its qualifying clause, was not very happily worded. That defendant would not be guilty under such a statement of facts, is clear. But there is nothing to indicate to the jury that it should convict defendant if these facts did not appear. On the contrary, in the thirteenth instruction the jury was expressly told that, if Brown did not believe the statements, and did not rely thereon, but was induced to sign the deed by reason of defendant's promise to do something in the future, then no crime was established. Taken as a whole, there was no error in the instructions. There was evidence justifying the reference to Ralph Gibson in this instruction.

After the jury had been deliberating for some time without arriving at a verdict, the court called them, and, after propounding some questions that were perfectly legitimate, gave them an instruction with reference to the desirability of a verdict, of the necessity of abjuring pride of opinion, and of the proper manner of procedure in arriving at a verdict when a difference of opinion existed as to the facts. The instruction is so long that we do not feel justified in copying it verbatim. It is enough to say that it is in letter and spirit like one often given when a jury seems to be working to no purpose, and a verdict is not likely to be reached by reason of differences of opinion on collateral matters. There was no error in this instruction.

IV. Complaint is made of the conduct of counsel in addressing the jury, both in the opening statement and in the closing arguments. Most of the remarks are attempted to be shown by a bill of exceptions signed by bystanders. The trial court signed a bill containing all the remarks that were objected to by defendant's counsel. In them we find nothing that would justify us in disturbing the verdict. Conceding that the other remarks claimed to have been made by counsel for the state are properly shown, we do not feel justified in interfering with the discretion necessarily vested in the trial court in such matters. In *Geiger v. Payne,* 102 Iowa, 581, the rule is stated, and the remarks made by counsel in that case were much more severe than in the case at bar. We do not think the bill of exceptions signed by the bystanders complied with section 5418.

V. Lastly, it is insisted that the verdict is without support in the evidence. While there are some things in the evidence for the state that cast suspicion on the showing made, there is also much that throws discredit on the evidence adduced on behalf of the defendant. It was a case peculiarly for a jury, and, as the evidence is in conflict, we are not justified in interfering.—AFFIRMED.