STATE OF IOWA, Appellant, v. J. W. HOLLINGSWORTH, Appellee.

**Cheating by false pretense:** INDICTMENT. A mere promise to do something in the future, or a representation concerning something to take place in the future does not amount to a false pretense; but a promise coupled with the statement of an existing fact may constitute the offense and they will be construed together in determining the sufficiency of an indictment charging a false pretense. In the instant case the indictment is held sufficient on demurrer.

**Same:** INCONSISTENT STATEMENTS. The fact that some of the alleged statements in an indictment for false pretenses are inconsistent will not render the indictment demurrable, since the state is not reqired to prove all the statements.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

TUESDAY, DECEMBER 11, 1906.

DEFENDANT was indicted for the crime of cheating by false pretenses. He demurred to the indictment and his demurrer was sustained.    The State appeals.— *Affirmed.*

*Chas. W. Mullan,* Attorney-General, and *Jesse A. Miller,* County Attorney, for the State.

No appearance for appellee.

DEEMER, J.— The pretenses which it is alleged defendant made are as follows:  "That he, the said J. W. Hollingsworth was going to marry, and was then engaged to marry, the said V. W. Rockwood; that he, the said J. W. Hollingsworth, had arranged to go into business at Sioux Falls, and needed, and would use in establishing said business, said eight hundred dollars; and that he, the said J. W. Hollingsworth, would go to Sioux Falls and establish said business, and that on July 15, 1903, said J. W. Hollingsworth and V. W. Rockwood would be married."    The falsity of the statements is charged in these words:

1. CHEATING BY FALSE PRETENSE: indictment.

Whereas, in truth and in fact the aforesaid statements, pretenses and representations which were then and there made by the said J. W. Hollingsworth to the said V. W. Rockwood were false, fraudulent and untrue, that the said J. W. Hollingsworth was not going to marry the said V. W. Rockwood, and said J. W. Hollingsworth was not then and there in good faith engaged to marry the said V. W. Rock-

wood, that the said J. W. Hollingsworth had not arranged to go into business at Sioux Falls, and did not need and would not use in establishing said business eight hundred dollars, and the said J. W. Hollingsworth did not intend to go into business at Sioux Falls, and did not go to Sioux Falls and establish said business and did not intend on July 15, 1903, to marry the said V. W. Rockwood, for in truth and in fact the said J. W. Hollingsworth had married another on the 20th day of June, 1903, and was then and there, at the time of the making of said false statements, representations and pretenses, a married man.

The demurrer is based upon the ground that no offense was charged, and the argument in support of it, we presume, must have been that the representations and statements alleged do not amount to false pretenses, but were nothing more than promises to do an act in the future, or of such a character that the prosecutrix could not have been deceived thereby.    A pretense must, of course, be a representation, as to an existing fact or past event, and not a mere promise to do something in the future or a representation as to something to take place in the future.    Yet a promise to do something in the future may be so connected with a statement as to an existing fact as that the statement of fact only becomes effective because of the promise, and in such cases the two may be considered together in determining the character of the pretense.    *State v. Tripp,* 113 Iowa, 698; *State v. Montgomery,* 56 Iowa, 195.

With these rules in mind, we now go directly to the charge.    The statement that defendant was going to marry the prosecutrix, Rockwood, was merely a promise, and not a pretense in law.    The allegation that he was then engaged to V. W. Rockwood was as well known to him or her, whichever it was, as to him (defendant).    The representation that defendant had arranged to go into business at Sioux Falls, and needed and would use the money in establishing the business, involved, as we view it, a pretense, an opinion, and a promise. And the charge that he said he would go to Sioux Falls and

establish the business, and on July 15, 1903, would marry V. W. Rockwood, was nothing more than a promise to do an act or acts in the future. From it all, however, we extract one clear statement of a present existing fact, to wit, that defendant had then arranged to go into business at Sioux Falls. This statement is distinctly negatived in the indictment. Having found this false pretense coupled with promises which made it effective and which cannot be divorced from the allegations as to a present condition, the conclusion necessarily follows that the indictment is sufficient, and not subject to demurrer. The false promise was coupled with the statement of fact, and the two should be considered together in arriving at the sufficiency of the indictment. We cannot say as a matter of law that the statement was so frivolous that the prosecutrix was not deceived thereby.

Counsel for the State suggest that the trial court may have sustained the demurrer on the theory that the sex of V. W. Rockwood is nowhere alleged in the indictment. This we regard as immaterial, for there is enough

2. SAME: inconsistent statements.

charged to sustain the indictment, whether Rockwood be a man or a woman. If Rockwood be a man, and defendant had represented to him that he had arranged to go into business at Sioux Falls, needed money, and would use it in establishing the business, which statements were in fact untrue, the indictment would be sufficient. The State need not prove all the representations and statements alleged, and the fact that they, or some of them, are inconsistent, is no reason for sustaining a demurrer to the indictment. State v. Tripp. *supra.* It is not necessary to pass upon the question as to whether or not the indictment should have charged that V. W. Rockwood was an unmarried female of marriageable age; but, as all statements with reference thereto were in the nature of promises and were material only where coupled with the statement of fact, no such particularity is required as when the statement amounts in itself to a pretense. By

intendment we might say that the pleader was attempting to charge that defendant was an unmarried man, when in truth and in fact he was married and incapable of making a valid engagement or contract of marriage. But we do not sustain the indictment on that ground. Indeed, we should not do so, for indictments should contain plain and concise statements of fact and cannot be supported or sustained by intendment.

Enough has been said to indicate our view in the matter. The trial court was in error in sustaining the demurrer, and its ruling is reversed. However, as defendant cannot again be tried on this indictment, the judgment discharging the defendant must be *affirmed*.