COMMONWEALTH *vs.* ADELBERT HOOPER & another.

In an indictment against A. under the Gen. Sts. *c.* 161, § 54, for designedly obtaining goods from B. by false pretences, an averment that A. " did receive and obtain the said goods of said B. from said B. by means of the false pretences aforesaid and with intent to cheat and defraud the said B. of the same goods," is a sufficient averment that the goods were designedly obtained.

In an indictment against A. for obtaining goods from B. by false pretences, an averment that B. " was induced, by reason of the false pretences so made as aforesaid, to purchase and receive, and did then and there purchase and receive of the said A." certain property " and to pay and deliver, and did pay and deliver therefor, and as the price thereof," certain goods, sufficiently charges that B. was induced by the false pretences to pay and deliver, and that induced by the false pretences he did pay and deliver; and is not defective for not repeating the words " then and there " before the words " to pay and deliver," or before the words " did pay and deliver."

INDICTMENT against Adelbert Hooper and John Simonton, for cheating by false pretences. The indictment alleged that Hooper and Simonton on December 16, 1869, " being persons

of an evil disposition, and devising and intending by unlawful ways and means to obtain and get into their hands and possession the goods, merchandise, chattels and effects of the honest and good citizens of this Commonwealth, and with intent to cheat and defraud one Robert G. Derbyshire, and with a view to effect a sale to said Derbyshire of the alleged interest of said Simonton in the business and fixtures hereinafter mentioned as sold to said Derbyshire, did then and there unlawfully, knowingly and designedly, falsely pretend and represent to said Derbyshire that" certain alleged facts as to said business and interest were true.

" And the said Derbyshire then and there believing the said false pretences and representations so made as aforesaid by said Hooper and said Simonton, and being deceived thereby, was induced, by reason of the false pretences and representations so made as aforesaid, to purchase and receive, and did then and there purchase and receive of the said Simonton said Simonton's pretended right of ownership in, and the right to receive the prospective profits in, an undivided half of said" business, " and to pay and deliver, and did pay and deliver therefor, and as the price thereof," a certain sum, " of the property, goods, merchandise, chattels and effects of said Derbyshire."

" And the said Simonton did then and there sell and deliver to said Derbyshire said right, and said Hooper and said Simonton did then and there receive and obtain the said goods, merchandise, chattels, effects and property of the said Derbyshire, from said Derbyshire, by means of the false pretences and representations aforesaid, and with intent to cheat and defraud the said Derbyshire of the same goods and merchandise, chattels, effects and property; whereas, in truth and in fact," said alleged facts as to said business and interest were not true, " all of which said Hooper and said Simonton then and there well knew."

" And so the jurors aforesaid, upon their oaths aforesaid, do say that the said Hooper and said Simonton, by means of the false pretences aforesaid, on the said sixteenth day of December, in the year of our Lord eighteen hundred and sixty-nine, at Boston aforesaid, unlawfully, knowingly and designedly did receive and

obtain from said Derbyshire the said goods, merchandise, chattels and effects so alleged to have been obtained of the property, goods, merchandise, chattels and effects of the said Derbyshire, with intent to defraud him of the same."

At the trial in the superior court, before *Putnam*, J., the defendants moved to quash the indictment : 1. Because it did not charge that Derbyshire was induced, by any false pretence, "to pay or deliver" anything, or that he "did pay or deliver" anything, by reason of any false pretence; nor was there "any allegation of time or venue, when or where he was induced to pay anything, nor when or where he paid or delivered, nor to whom." 2. Because it did not charge that the defendants unlawfully, knowingly, designedly or fraudulently obtained the goods of Derbyshire. The judge overruled the motion, and the defendants were convicted, and alleged exceptions.

*A. W. Boardman*, for the defendants. The Gen. Sts. *c.* 161, § 54, provide that " whoever designedly, by a false pretence, or by a privy or false token, and with intent to defraud, obtains from another person any property," shall be punished; &c. The indictment is bad for failing to aver that the goods were designedly obtained. *Gatewood* v. *State*, 4 Ohio, 386. 1 Chit. Crim. Law. 241.

*C. Allen*, Attorney General, for the Commonwealth.

WELLS, J. The position of the defendants' counsel is correct that a good indictment must show, not only a false pretence and an intent to defraud, but also that the goods obtained thereby were designedly received by the defendants. The principal objection made to this indictment is that the allegation that the defendants " did then and there receive and obtain the said goods " is not thus qualified. It is not necessary that the qualifying term should be grammatically connected with the allegation of receipt. It is sufficient if there be, in any form, a distinct charge that the goods so received were knowingly and intentionally received in pursuance of the purpose to defraud.

This indictment alleges that the defendants did receive and obtain the goods by means of false pretences, " and with intent to cheat and defraud the said Derbyshire of the same " goods

and property. The intent, thus alleged, relates back to the previous allegation of a receipt of the goods; and as it is not set forth as an intent merely to defraud, but as an intent to defraud Derbyshire of the same goods, it necessarily involves the qualification of design in the receipt thereof. We think it is thus sufficiently made to appear, by the allegations of the indictment, that the goods were received by the defendants designedly.

The other objection to the indictment does not appear to us to have any foundation for its support.

*Exceptions overruled.*