### COMMONWEALTH *vs.* CHARLES M. DEAN.

An indictment on the Gen. Sts. *c.* 161, § 54, which provides for the punishment of any one obtaining a signature by a false pretence with intent to defraud, is bad, if it contains no allegation of the intent to defraud, other than a statement at the end that the jurors "say and present" that the defendant, "in the manner aforesaid, designedly, by a false pretence and with intent to defraud," obtained the signature.

INDICTMENT, on the Gen. Sts. *c.* 161, § 54,* alleging that the defendant, having in his hands a written instrument, in form a promissory note, did " designedly, knowingly, wilfully and maliciously, falsely pretend " to Marshall Sears, that the instrument was a form of a receipt in due and proper form for Sears to sign for goods delivered to him, and did " designedly, knowingly, wilfully and falsely read said written instrument to " Sears in the form of and as a receipt for said goods, and did " designedly, knowingly, wilfully and falsely declare and say to " Sears, that it was only a

---

* "Whoever designedly, by a false pretence, or by a privy or false token, and with intent to defraud, obtains from another person any property, or obtains, with such intent, the signature of any person to a written instrument, the false making whereof would be punishable as forgery, shall be punished," &c.

due form of receipt for said goods ; that Sears, " confiding then and there in the said false pretences, false reading, declarations, sayings, and acts of the said Dean, and believing the same to be true," and believing the instrument to be a receipt, and to be in the form read to him, signed it and delivered it to the defendant, when in fact it was not a form of receipt as read to him, nor a receipt in any form, but a full form of a promissory note for the payment of money, all of which the defendant " well knew, the false making whereof would be punishable as forgery." " So the jurors aforesaid, upon their oaths aforesaid, do say and present that said Dean " " in the manner aforesaid, designedly, by a false pretence and with intent to defraud, obtained the signature of said Sears to said written instrument, the false making whereof would be punishable as forgery."

At the trial, before *Rockwell*, J., the defendant, before the jury was empanelled, moved to quash the indictment because it contained no allegation " that the acts, doings and pretences complained of were with an intent to defraud." The judge overruled the motion, and the defendant, having been tried and convicted, alleged exceptions.

*M. Wilcox*, (*S. W. Bowerman* with him,) for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The indictment does not charge any offence with the precision requisite in criminal pleadings. There is no sufficient allegation that the defendant obtained the signature of Sears to the note with an intent to defraud. The intent to defraud is an essential element of the crime intended to be charged, and must be distinctly averred by a proper affirmative allegation, and not by way of inference or argument merely. *Commonwealth* v. *Lannan*, 1 Allen, 590.

The concluding clause that " so the jurors aforesaid, upon their oaths aforesaid, do say and present that said Dean " " in the manner aforesaid, designedly, by a false pretence and with intent to defraud, obtained the signature of said Sears," is a statement of a legal conclusion from the facts previously charged. The conclusion does not follow from the premises. The only allegation of an intent to defraud is made argumentatively, and as a legal

inference from facts stated, and that inference is unsound. *Commonwealth* v. *Whitney*, 5 Gray, 85. *Rex* v. *Rushworth*, Russ. & Ry. 317. *Exceptions sustained.*