COMMONWEALTH *vs.* RICHARD J. DUNLEAY.

Bristol.    October 28, 1890. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Obtaining Money by False Pretences — Indictment.*

An indictment for obtaining money by false pretences from an insurance company, through fictitious applications for insurance presented by the defendant, who was employed by the company to solicit insurance on commission, is fatally defective if it does not allege that the company was deceived by the false pretences, and was induced thereby to accept the applications and to pay him such commission.

INDICTMENT, in sixteen counts, for obtaining money by false pretences.    The second count alleged that the defendant, at Taunton, on January 2, 1889, " unlawfully, knowingly, and designedly, fraudulently did falsely pretend to the Metropolitan Life Insurance Company, a corporation established and incorporated by the laws of the State of New York, (by which said insurance company he, the said Richard J. Dunleay, was then and there employed to solicit and obtain applications to said insurance company for insurance, for a compensation to be paid him therefor by the said insurance company, the amount of which compensation was conditioned among other things upon the number of applications for insurance so obtained by him, the said Richard J. Dunleay,) that a certain paper writing, purporting to be an application for insurance by one Martin Mangion to be issued by the said insurance company to the said Martin Mangion, and which paper writing, to wit, said application, was then and there delivered by the said Richard J. Dunleay to the said insurance company, with intent to obtain from said insurance company the compensation that would be due him, the said Richard J. Dunleay, upon the acceptance by the said insurance company of the said application for insurance, had been theretofore signed, executed, and delivered to him, the said Richard J. Dunleay, by the said Martin Mangion, the person named in said application for insurance, as a proposition and application for insurance to be issued to the said Martin Mangion

by said insurance company; by means of which false pretences the said Richard J. Dunleay did then and there, unlawfully, knowingly, and designedly, fraudulently obtain and receive from the said insurance company a large sum of money, to wit, the sum of five dollars in money and one bank check of the value of five dollars, of the money, goods, and chattels of the said insurance company, with intent then and there the said insurance company thereby to cheat and defraud of the same. Whereas in truth and in fact the said paper writing, to wit, the said application for insurance, had not theretofore been signed, executed, or delivered by the said Martin Mangion, the person named in said paper writing, or by any person whatever, to the said Richard J. Dunleay, all of which the said Richard J. Dunleay then and there well knew." The other counts were all identical in form and language with the second count, with the exception that the name of the alleged applicant for insurance, and the date of the application, were different.

In the Superior Court, before pleading to the indictment, the defendant filed a motion to quash the indictment for the following among other reasons: "4th. It is nowhere alleged in said indictment that the pretence therein set forth was believed by the party alleged to be defrauded, or that he was ignorant of its falsity. 5th. It is nowhere alleged in said indictment that the party alleged to be injured relied on said pretence, or was induced thereby to part with the sum of money therein set forth. 6th. It is not alleged that said application was ever accepted by the insurance company, or relied on by them. 7th. The contract of the defendant with said company is not sufficiently set forth to show that the pretence alleged with regard to said application was the cause inducing said company to part with their money." *Thompson*, J. overruled the motion. The defendant was then tried and found guilty; and alleged exceptions.

*G. L. Mayberry*, for the defendant.

*A. J. Waterman*, Attorney General, and *H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

FIELD, C. J. The usual form of indictments in this Commonwealth for obtaining money or other property by false pretences contains a direct allegation to the effect that the person alleged to have been defrauded believed the pretences to be

true, and was induced thereby to part with his property. See *Commonwealth* v. *Nason,* 9 Gray, 125; *Commonwealth* v. *Jeffries,* 7 Allen, 548; *Commonwealth* v. *Lincoln,* 11 Allen, 233; *Commonwealth* v. *Hooper,* 104 Mass. 549; *Commonwealth* v. *Dean,* 110 Mass. 64; *Commonwealth* v. *Coe,* 115 Mass. 481; *Commonwealth* v. *Parmenter,* 121 Mass. 354; *Commonwealth* v. *Stevenson,* 127 Mass. 446; *Commonwealth* v. *Howe,* 132 Mass. 250; *Commonwealth* v. *Lee,* 149 Mass. 179. The precedents of indictments in England, and in some of the States of this country under statutes similar to ours, appear not to contain such an allegation, except in a form substantially like that found in this indictment. See Train & Heard's Prec. c. 14; 2 Archb. Crim. Pr. & Pl. (8th Am. ed.) 1376; 2 Bish. Crim. Proc. (3d ed.) § 162 *et seq.*

There is at least one case in our reports, in which the only allegation that the person defrauded believed the representations to be true, and was induced thereby to part with his property, is that by means of said false pretences the defendant did then and there unlawfully obtain from him the property described, and the indictment was held sufficient, on motion in arrest of judgment, although the precise point now taken was not considered in the case. *Commonwealth* v. *Hulbert,* 12 Met. 446. In the present case we are not, perhaps, required to determine whether the fourth and fifth reasons assigned in the motion to quash would be sufficient if they stood alone, because we think that they must be considered in connection with the sixth and seventh reasons assigned.

The employment of the defendant by the insurance company is alleged to have been " to solicit and obtain applications to said insurance company for insurance, for a compensation to be paid him therefor," etc. ; and in the particular case set out in the indictment it is alleged that the compensation " would be due him, the said Richard J. Dunleay, upon the acceptance by the said insurance company of the said application for insurance." The indictment does not allege that this application for insurance was ever accepted by the company. We think that the connection between the false pretence and the obtaining of the money and the bank check is not set out with the technical precision required in this Commonwealth. The indictment should allege

in some form, distinctly, that the insurance company was deceived by the false pretence, and was induced thereby to accept, and did accept, this application for insurance, and was thereby induced to pay, and did pay, to the defendant money, or deliver to him other property therefor, under his contract of employment. This, we think, has not been done in the manner required by our decisions.   See *Commonwealth* v. *Strain*, 10 Met. 521 ; *Commonwealth* v. *Lannan*, 1 Allen, 590 ; *Commonwealth* v. *Goddard*, 4 Allen, 312.   It is unnecessary to consider the other objections contained in the bill of exceptions.          *Exceptions sustained.*