## COMMONWEALTH *vs.* FRANCIS X. BLANCHETTE.

Bristol.   November 22, 1892. — December 6, 1892. ·

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Obtaining Goods by False Pretences — Indictment — Variance.*

An indictment on the Pub. Sts. c. 203, § 60, alleged that the defendant, at a time
and place named, with intent to cheat and defraud A., and to induce A. to deliver
to him certain goods, wares, and merchandise, falsely pretended and represented
to A. that he was then the proprietor and keeper of a shop which was then being
carried on by him for the sale of goods at retail in a certain town, and he wished
to purchase of A. certain goods, wares, and merchandise to be sent to said shop,
to be sold there by him in the ordinary course of trade; that A., believing the
false pretences and representations so made by the defendant, and being de-
ceived thereby, was induced by reason thereof to deliver, and did deliver, to the
defendant certain articles named, each of a value specified, "of the proper
goods, merchandise, chattels, and effects of" A.; and that the defendant
received and obtained said goods, merchandise, chattels, and effects of A. by
means of said false pretences and representations, and with intent to cheat and
defraud A. of the same.   *Held,* that the indictment was sufficient.

An indictment on the Pub. Sts. c. 203, § 60, for obtaining goods by false pre-
tences, need not set out the particulars of the contract by which the goods were
obtained.

An indictment on the Pub. Sts. c. 203, § 60, for obtaining by false pretences certain
articles named, "of the proper goods, merchandise, chattels, and effects of" A.,
is supported by proof that A. had possession of the goods as selling agent for
the owner.

INDICTMENT, in two counts. The first count, which is the
only one material to be stated, alleged, in substance, that the
defendant, on December 18, 1891, at Fall River, with intent to
cheat and defraud David Hollingworth, and to induce Holling-
worth to deliver to him certain goods, wares, and merchandise,
unlawfully, knowingly, and designedly falsely pretended and rep-
resented to Hollingworth that he was then the proprietor and
keeper of a shop which was then being carried on by him for the
sale of goods at retail at Warren in the State of Rhode Island, and
he wished to purchase of Hollingworth certain goods, wares, and
merchandise, to be sent to said shop, to be sold there by him in
the ordinary course of trade; that Hollingworth, believing the
false pretences and representations so made by the defendant,
and being deceived thereby, was induced by reason thereof to

deliver, and did then and there deliver, to the defendant certain articles named, each of a value specified, "of the proper goods, merchandise, chattels, and effects of" Hollingworth; that the defendant then and there received and obtained said goods, merchandise, chattels, and effects of Hollingworth by means of said false pretences and representations, and with intent to cheat and defraud Hollingworth of the same; and that the defendant was not then the proprietor and keeper of a shop which was then being carried on by him for the sale of goods at retail at Warren in the State of Rhode Island, and he did not then and there wish to purchase of Hollingworth goods, wares, and merchandise to be sent to said shop to be there sold by him in the ordinary course of trade; all of which the defendant then and there well knew.

In the Superior Court the defendant, before plea, moved to quash the second count of the indictment. This motion was overruled; and the defendant excepted.

The defendant afterwards, and before plea, moved to quash the indictment for the following reasons: "1. Because the indictment does not fully and plainly set out the contract between the parties by which the goods mentioned in the indictment came into the hands and possession of the defendant. 2. Because said indictment does not aver that the goods mentioned therein were not paid for by the defendant or his agent at the time of the delivery of said goods to the defendant." This motion was also overruled; and the defendant excepted.

At the trial, before *Braley*, J., Hollingworth was called as a witness for the government, and testified, among other things, that his occupation was that of a "drummer"; that he was in the employ of J. F. Hutchinson and Company, of Boston, and also that he was in the employ of the East India Tea Company, of Providence, Rhode Island; that he sold goods for both of said houses, that he did not buy goods of said houses to sell again, but acted only as their agent; that he had no interest in the goods other than to sell them; that he was not the owner of the goods shipped to him by either of said houses; that, if there was a loss on the goods, either by the failure of the purchasers to pay for them, or from any other cause whatsoever, the loss or any part of it did not fall upon him, but that all losses on the goods

were borne by the parties for whom he sold the goods; that he had not sold any goods for said houses in his own name; that all goods sold by him were sold in the names of J. F. Hutchinson and Company and of the East India Tea Company; that their bill-heads were used by him; and that he acted simply as their agent.

After several other witnesses had testified for the government, Hollingworth was recalled, and, against the defendant's objection, testified, in substance, that he sold goods for J. F. Hutchinson and Company and the East India Tea Company on commission; that he had at that time (December 18, 1891), and for a short time thereafter, a storehouse in Fall River; that J. F. Hutchinson and Company and the East India Tea Company shipped to him certain goods which he stored therein; that he hired the storehouse, had the key to it, and paid the rent of it out of money of his own; and that he sold goods for said houses, collected on the sales made by him, and settled with them by checks, first deducting the amount of his commissions on the sales. He was then asked by the defendant, "Do you now claim that you had any ownership in the goods sold by you to the defendant?" to which he answered, "No." He was also asked by the defendant, "Will you now say, if there was any loss on the goods which you say were shipped to you by these two houses and stored by you, that any part of the loss would have to be borne by you?" to which he answered, "No." He was further asked by the defendant, "Then all the interest you had in the goods of these firms was to make all the sales that you could, was it not?" to which he answered, "Yes."

This was all the evidence in the case tending to show an actual or special property in said goods in Hollingworth.

At the close of the evidence for the government the defendant asked the judge to rule that there was a variance between the allegation of ownership in the indictment and the proof, and to order a verdict of not guilty by reason thereof. This request was refused; and the defendant excepted.

The jury were directed to return a verdict of not guilty on the second count of the indictment, and the case was submitted to them on the first count only, upon which they returned a verdict of guilty; and the defendant alleged exceptions.

*A. E. Bragg*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.   The defendant's first motion to quash, which relates only to the second count, was rendered immaterial by a verdict for the defendant upon that count under an order of the court.

His second motion to quash was rightly overruled.   The first count in the indictment sufficiently sets forth an offence under the Pub. Sts. c. 203, § 60, which provides, " Whoever, with intent to defraud, under false color and pretence of carrying on business and dealing in the ordinary course of trade, obtains from any person goods or chattels, shall be punished," etc.   *Commonwealth* v. *Drew*, 153 Mass. 588.   The particulars of the contract whereby the goods are obtained need not be set forth.

The only other exception taken was to the refusal to rule that there was a variance between the allegation of ownership in the indictment and the proof.   The evidence tended to show that Hollingworth had possession of the goods, and mere possession was enough to support the allegation of ownership in the indictment.   Pub. Sts. c. 214, § 14.   *Commonwealth* v. *Sullivan*, 104 Mass. 552.   *Commonwealth* v. *Finn*, 108 Mass. 466.   *Commonwealth* v. *Maguire*, 108 Mass. 469.   The ruling requested was rightly refused.                      *Exceptions overruled.*