COMMONWEALTH *vs.* CARRIE M. SESSIONS.

Worcester.    October 4, 1897. — October 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Obtaining Money by False Pretences — Indictment — Criminal Pleading —*
*Evidence — Variance — Exceptions.*

An indictment alleged that the defendant, at a time and place named, with intent
to cheat and defraud A., falsely pretended and represented to him that the de-
fendant "had theretofore secured and had positive evidence that moneys" of B.
to a certain amount were deposited in some bank or banking institution or trust
company in P., and the defendant "had theretofore made some certain arrange-
ment whereby, upon the payment of" a certain sum to the defendant by A.,
"the president of said bank or banking institution, or of said trust company,
would hold said moneys" of B. subject to attachment on a petition for separate
maintenance of A.'s daughter, which was then pending; that A., "believing
the said false pretences and representations . . . and being deceived thereby,"
was induced by reason thereof to deliver, and did, at the time and place named,
deliver to the defendant certain bank notes of a specified aggregate value, which
the defendant then and there received by means of the false pretences and rep-
resentations, and with intent to cheat and defraud A., "whereas, in truth and
in fact," as the defendant then and there well knew, he "had not theretofore
secured and had not positive evidence that moneys of" B. to the amount named
"were at the time aforesaid deposited and held in any bank or banking institu-
tion, or in any trust company in" P., and he "had not theretofore made any
certain arrangement whereby, upon the payment of" the sum named to him by
A., "the president of said bank or banking institution, or of said trust company,
in" P., would hold said moneys of B. subject to attachment on said petition of
A.'s daughter. *Held,* that the negation in the indictment of the truth of the
pretences and representations was sufficient; and that the form of the indict-
ment was not open to objection.
The averment, in an indictment for obtaining money of A. by false pretences and
representations, that he believed such pretences and representations, if neces-
sary at all, is sufficient, without averring that he believed them "to be true."
At the trial of an indictment for obtaining money of A. by false pretences, alleging
that A., at a time and place named, was induced by such pretences to and
did pay a certain sum to the defendant, if the evidence for the government
tends to show, and there is no evidence to the contrary, that A. procured the

money alleged to have been paid to the defendant from B. on the day alleged, evidence that, at an earlier date, and before he procured the money in question, A. had been paying large sums of money to other persons, is rightly excluded.

Upon an indictment for obtaining money by false pretences, it is not necessary to prove that the full amount of money alleged in the indictment was so obtained.

It is no variance to prove, at the trial of an indictment for obtaining money by false pretences in W., that the money was actually received by the defendant in B.

If, at the trial of an indictment for obtaining money by false pretences and representations, there is no evidence tending to show that the representations alleged were true, the defendant has no ground of exception to the refusal to give an instruction based upon the supposition that they were true.

At the trial of an indictment for obtaining money of A. by falsely pretending that the defendant had positive evidence that money of B. to a certain amount was deposited in a certain bank, and that the defendant had made an arrangement whereby, upon the payment of a certain sum by A. to the defendant, the president of the bank would hold such money of B. subject to attachment upon a certain petition of A.'s daughter then pending, there was evidence of false pretences made the day before the money was paid by A. to the defendant; and that the defendant refused on the next day to tell A., before he paid him the money, the name of the president of the bank. *Held*, that the request for a ruling, " that there were no representations or false pretences when the money was paid, and that the variance is fatal," was rightly refused.

INDICTMENT, alleging that the defendant, on July 16, 1896, at Worcester, with intent to cheat and defraud George L. Stevens, did then and there falsely pretend and represent to him that she " had theretofore secured and had positive evidence that moneys of one George H. Hill to the amount of forty-seven thousand dollars were deposited and held at the time aforesaid in some certain bank or banking institution or trust company in Providence, in the State of Rhode Island," and that she " had theretofore made some certain arrangement whereby, upon the payment of five thousand dollars to 'her " by Stevens, " the president of said bank or banking institution, or of said trust company, would hold said moneys of said George H. Hill subject to attachment thereof on a certain petition for separate maintenance of one Ella L. Hill," the daughter of Stevens, which petition was then pending in the Probate Court for the County of Worcester against George H. Hill ; that Stevens, " believing the said false pretences and representations, . . . and being deceived thereby," was induced by reason thereof to deliver, and did on said sixteenth day of July at Worcester deliver, to the defendant " sundry United States Treasury Notes of the aggregate value of five thousand dollars, sundry National Bank notes of the aggregate value of five thou-

sand dollars, sundry silver certificates of the United States of the aggregate value of five thousand dollars, sundry gold certificates of the United States of the aggregate value of five thousand dollars, of the moneys and effects of" Stevens; and that the defendant then and there received and obtained the same by means of the false pretences and representations, and with intent to cheat and defraud Stevens of the same. "Whereas, in truth and in fact," as she then and there well knew, she "had not theretofore secured and had not positive evidence that moneys of said George H. Hill to the amount of forty-seven thousand dollars were at the time aforesaid deposited and held in any bank or banking institution, or in any trust company in Providence in the State of Rhode Island," and she "had not theretofore made any certain arrangement whereby, upon the payment of five thousand dollars to her" by Stevens, "the president of said bank or banking institution, or of said trust company, in said Providence would hold said moneys of" George H. Hill subject to attachment thereof on the petition of Ella L. Hill.

In the Superior Court, before the jury were impannelled, the defendant moved to quash the indictment, for the following reasons:

" 1. There is no allegation in the indictment that there was not forty-seven thousand (47,000) dollars in a Providence bank or trust company, as alleged. 2. The indictment does not allege that the defendant had not such evidence as it is alleged she represented was in her possession. 3. The indictment does not allege that the said evidence was not delivered to Stevens. 4. The indictment does not allege that the defendant did not deliver the evidence or has ever refused to do so. 5. The indictment does not allege that Stevens did not receive such evidence and that the arrangements were not made. 6. The indictment does not allege that Stevens ever requested the defendant to deliver to him said evidence. 7. The indictment does not allege that any or all the pretences or representations were not true. 8. The indictment does not allege that Stevens believed the pretences or representations to be true. 9. The indictment does not allege that by reason of the representations he was induced to part with any property. 10. The indictment does not allege that Stevens ever accepted or received the evidence and was thereby

induced to part with property. 11. The indictment does not allege that Stevens, believing the pretences and representations to be true, parted with any property. 12. The indictment does not allege that the defendant asked, requested, or demanded any moneys or effects from Stevens, 13. The representations are too remote from the payment of the money. 14. The indictment does not allege a past or present offence, but at most a promise or an opinion or a statement as to something which may happen. 15. The indictment does not allege the pretences or representations to be of an existing or material fact. 16. The indictment does not set forth a crime by proper affirmative allegation, but consists merely of inferences and argument. 17. The indictment does not contain all the material facts and circumstances which the Commonwealth would be bound to prove in order to produce a conviction. 18. The pretences alleged are not squarely negatived, as required by the rules of criminal pleading. 19. The defendant has not been fully and fairly informed of the nature of the charge against her, so as to afford ample opportunity for every meritorious defence. 20. One of the allegations consists of a representation whereby, on the payment of five thousand dollars to the defendant, she would deliver certain evidence, while another allegation is that Stevens delivered to the defendant twenty thousand dollars. 21. The indictment does not allege a crime punishable by the laws of this Commonwealth."

*Gaskill,* J., overruled this motion ; and the defendant excepted.

At the trial, there was evidence that Stevens was in poor circumstances, and had no large sums of money and no real estate, and had had no income since July 1, 1896, except his wages as a common mechanic ; and that, on July 16, 1896, he received a sum supposed to be $5,000 from one Durrell, of Boston, and gave the same immediately to the defendant. The defendant denied ever having received this money, or any portion of the same ; and offered to show that Stevens had been, since July 1, 1896, employing persons to look up evidence in another case, and had been paying large sums of money to them. This evidence the judge excluded ; and the defendant excepted.

The defendant testified in her own behalf, and denied that she had ever secured any evidence that money belonging to George

H. Hill was deposited in any bank or trust company in Providence, Rhode Island, or that she had ever made any arrangement whereby the president of "said bank or trust company" should hold any money of George H. Hill subject to the order of the Probate Court in Worcester upon the petition of Ella L. Hill for separate maintenance against George H. Hill; and there was no evidence tending to show that the representations alleged in the indictment were true. Hill testified that he never had any money, securities, or property in the State of Rhode Island, or under the control of the president of any bank, banking institution, or trust company in that State.

Stevens testified that the defendant made the representations to him, as alleged in the indictment, in Worcester; that he, relying upon them and believing them to be true, went to Boston the next day after the representations were made, that is, on July 14, 1896, procured a check from Durrell for $5,000, returned to Worcester and met the defendant, who declined to accept the check, but demanded the money in cash, and repeated in substance the representations made on the previous day, as alleged in the indictment; that he thereupon arranged with the defendant to meet her in Boston on the next day, July 16, and pay her the money ; that he procured the money of Durrell, who sent the check to a bank and got it cashed, met the defendant in Boston as arranged, and paid her the money, and when the money was so paid no one was present except himself and the defendant; that before he handed her the money he asked her to inform him as to the name of the president of the bank, and she replied that she would not tell ; and that he thereupon, without further request, handed her the money, and never after that asked her in reference to the false pretenses or representations alleged.

Upon this evidence the defendant asked the judge to rule " that there were no representations or false pretences when the money was paid, and that the variance is fatal."

The judge refused so to rule ; and the defendant excepted.

At the close of the evidence, the defendant requested the following rulings :

" 1. If the jury find that the amount paid or given to the defendant does not agree with the amount alleged in the indictment, they must return a verdict of ' Not guilty.' 2. If the jury

find that the place where the money was given to the defendant is described in the evidence as at Boston, they must return a verdict for the defendant. 3. The allegation that said money was paid at Worcester is not supported by the evidence, and therefore the jury should return a verdict for the defendant. 4. There is a variance in the allegations in the indictment, in regard to the representations as to the amount to be given the defendant and the amount received, and therefore there must be a verdict for the defendant. 5. If the jury find that the defendant did not receive $20,000, there must be a verdict for the defendant. 6. If the jury find that the money was not given at Worcester, there must be a verdict for the defendant. 7. If the jury find that Stevens did not give the defendant $20,000 at Worcester, July 16, 1896, they must return a verdict for the defendant. 8. If the jury find that the representations of positive evidence, as alleged in the indictment, were true, they must return a verdict for the defendant.

The judge refused to give these rulings; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Sheehan,* (*L. Cutting* with him,) for the defendant.

*A. P. Rugg,* Assistant District Attorney, for the Commonwealth.

ALLEN, J. This is an indictment for obtaining money by false pretences. It set forth in substance that the defendant, on the 16th of July, 1896, at Worcester, with intent to cheat and defraud George L. Stevens, did falsely pretend and represent to him that she " had theretofore secured and had positive evidence that moneys of one George H. Hill to the amount of $47,000 were deposited and held at the time aforesaid in some certain bank or banking institution or trust company in Providence," and that she " had theretofore made some certain arrangement whereby, upon the payment of $5,000 to her " by said Stevens, " the president of said bank or banking institution, or of said trust company, would hold said moneys of said George H. Hill subject to attachment thereof on a certain petition for separate maintenance of Ella L. Hill," daughter of said Stevens, which said petition was then pending. And said Stevens, " believing the said false pretences

and representations, . . . and being deceived thereby," was induced by reason thereof to deliver, and did on said 16th of July, 1896, at Worcester, deliver to the defendant sundry United States Treasury Notes of the aggregate value of $5,000, sundry National Bank notes of the aggregate value of $5,000, sundry silver certificates of the United States of the aggregate value of $5,000, and sundry gold certificates of the United States of the aggregate value of $5,000, and she then and there received and obtained the same by means of the false pretences and representations, and with intent to cheat and defraud said Stevens. Whereas, as she then and there well knew, she " had not theretofore secured and had not positive evidence that moneys of said George H. Hill to the amount of $47,000 were at the time aforesaid deposited and held in any bank or banking institution, or in any trust company, in Providence," and she " had not theretofore made any certain arrangement whereby, upon the payment of $5,000 to her " by said Stevens, " the president of said bank or banking institution, or of said trust company, in said Providence would hold said moneys " of Hill subject to attachment on said petition of said Ella L. Hill.

The defendant presented many objections to the form of this indictment. One of them is, that the negation of the truth of the pretences and representations should have been broader, and that the indictment should have contained an averment that in point of fact no such sum of money of Hill was on deposit. No decision is cited to us which holds that such averment is necessary. The representation was that she had secured and had positive evidence of such deposit, and that she had made an arrangement whereby, upon payment of $5,000 to her, the president of the bank or trust company would hold the moneys subject to attachment. The inducement held out to Stevens was, in effect, that upon payment of the money by him to her she would make it possible for him, acting in his daughter's interest, to make an attachment of a large fund belonging to Hill. If Hill had secretly placed a large sum on deposit, and the fact was unknown to her, the existence of such deposit would be wholly immaterial. She was to put Mrs. Hill in the way of making an attachment, and she represented, according to the averment, that she had positive evidence of the deposit, and had already made an arrangement whereby

it could be attached.    The negation in the indictment was sufficient.    It was explicitly to the effect that she had no such evidence, and had made no such arrangement, as she then and there well knew.

Nor was there any need of an averment that she did not deliver such evidence to Stevens, or that she refused to do so, or that Stevens did not receive such evidence, or that he ever requested the defendant to deliver such evidence to him ; nor of a more distinct averment that she asked for the payment of the $5,000 by Stevens to her.

The averment that Stevens believed the false pretences and representations, if necessary at all, was sufficient, without saying that he believed them " to be true."    This form of averment has been very common.    *Commonwealth* v. *Nason,* 9 Gray, 125. *Commonwealth* v. *Hooper,* 104 Mass. 549.    *Commonwealth* v. *Coe,* 115 Mass. 481.    *Commonwealth* v. *Parmenter,* 121 Mass. 354. *Commonwealth* v. *Stevenson,* 127 Mass. 446 (1st count).    *Commonwealth* v. *Howe,* 132 Mass. 250.    *Commonwealth* v. *Lee,* 149 Mass. 179.    *Commonwealth* v. *Drew,* 153 Mass. 588.    *Commonwealth* v. *Blanchette,* 157 Mass. 486.    It was not intended, in *Commonwealth* v. *Dunleay,* 153 Mass. 330, to intimate that, as a matter of technical pleading, it was necessary to add the words " to be true."

All of the other objections taken to the form of the indictment must also be overruled.

The evidence as to other payments of money by Stevens to various persons was immaterial.    The evidence for the Commonwealth tended to show that he procured the $5,000 alleged to have been paid to the defendant from one Durrell in Boston on July 16.    The evidence on this subject was specific and precise, and there was nothing which tended to show that he procured it otherwise.    Under this state of things, evidence that since July 1, and before he procured the money in question, he had been paying large sums of money to other persons had no relevancy.

Upon an indictment for obtaining money by false pretences, it is not necessary to prove that the full amount of money alleged in the indictment was so obtained.    If an indictment charges the obtaining of $20,000, a conviction can be had upon proof of obtaining $5,000.    *Commonwealth* v. *Lee,* 149 Mass. 179, 185.

The rule is the same in an indictment for larceny. *Commonwealth* v. *O'Connell*, 12 Allen, 451.

It was no variance to prove that the money was actually received by the defendant in Boston, instead of in Worcester, as charged. By Pub. Sts. c. 213, § 21, it is expressly provided that this offence may be alleged to have been committed, and may be prosecuted and punished, in any county in which the false pretence was made.

The judge rightly refused to instruct the jury that if they should find that the representations of positive evidence, as alleged in the indictment, were true, they must return a verdict for the defendant. It appears that the defendant testified in her own behalf, and denied that she had ever secured any evidence that money belonging to Hill was deposited in any bank or trust company in Providence. There was no evidence tending to show that the representations were true. Under these circumstances, it was not open to the defendant to contend that the representations were true. See *Clark* v. *Lowell*, 1 Allen, 180.

The request for a ruling " that there were no representations or false pretences when the money was paid, and that the variance is fatal," was also rightly refused. There was evidence of false pretences made in Worcester the day before the money was paid, and these, if they induced the payment of the money, would support the averments of the indictment. The defendant's refusal at Boston to tell Stevens the name of the president before she got the money did not show conclusively that the money was not paid in consequence of her false representations. According to the averment of the indictment, she represented that she had made an arrangement whereby, upon the payment of the money to her, the president would hold the moneys of Hill, so that they could be attached. The payment to her was to precede the action of the president, and her refusal to make any disclosure before getting it was quite consistent with her guilt.

The objections and exceptions of the defendant are all overruled.

*Exceptions overruled.*