*Southern District*

## CHARLES A. CERTAL, JR.

v.

## SOUTH SHORE BOTTLED GAS CO., INC.

*Present*: Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Kalus, J.* in the Second District Court of Plymouth. No. 30669.

*Sgarzi. J.* The plaintiff's declaration alleges breach by the defendant of a written agreement dated May 1, 1957 by the terms by which the plaintiff agreed to provide adequate motor vehicle equipment for the transportation of "Profax" gas cylinders for the defendant and the defendant agreed to tender to the plaintiff all of the products for which it required transportation. The agreement further provided that the plaintiff was to be an independant contractor and was to be paid in accordance with a certain schedule of rates.

The agreement was to run for a period of three years and was to continue thereafter until terminated by either party on sixty days written notice to the other. The answer was a general denial and allegation of payment.

*There was evidence that* both parties to the agreement adhered properly to its terms until about July 1, 1958 when the defendant terminated its business operations because it could no longer operate at a profit. No notice of termination was ever given by the defendant to the plaintiff but since it ceased doing business it simply had no more gas cylinders or other products for the plaintiff to transport. The plaintiff testified that he had enjoyed a profit of $200.00 per month from his operations under the contract up to the time that the defendant went out of business.

At the close of the trial the defendant made certain requests for rulings of law to the effect that if the defendant acted in good

faith and was justified in terminating its business activities, since the agreement did not provide for the furnishing of any stated amount of property for shipment, the defendant would be entitled to a finding.

The court denied all of the defendant's requests for rulings of law and made the following finding:

> "The defendant concedes that it terminated its agreement with the plaintiff without giving the plaintiff sixty days written notice of such termination as provided in paragraph 12 of their agreement. The court rules that such failure constituted a breach of the agreement, and the plaintiff is entitled to recover the sum of Four Hundred Dollars, representing the damages he incurred during said sixty day period."

The report indicates that the court further found that the defendant deemed it unprofitable to continue its business, acted in good faith and did not engage any other persons to perform any of the work it had agreed to give to the plaintiff pursuant to the contract.

The report states that the issue raised is whether the case is governed by the principle of the case of *Neofotistos v. Harvard Brewing Co.* 341 Mass. 684. In that case the plaintiff alleged breach of a written contract which provided that the plaintiff would purchase and the defendant would sell all of the spent grain resulting from the operation of a brewery. The agreement was to run for a period of five years and the

plaintiff was to pay for the grain in accordance with a certain formula. After a period of about eighteen months the defendant ceased the operation of its brewery because in its judgement said operation was no longer profitable and did not warrant further continuance. The brewery was thereupon closed and no further spent grain was produced which could be bought by the plaintiff. The plaintiff was denied recovery because the agreement did not provide for the production of any specific volume of malt beverages or indeed for any production. The court distinguished the case from cases like *Proctor v. Union Coal Co.,* 243 Mass. 428; *Eastern Mass. St. Ry. v. Union Street Ry.,* 269 Mass. 329 and *McNally v. Schell,* 239 Mass. 356 where it was expressly agreed that certain designated property was to be devoted to the purposes of the contract and quoted from the case of *Royal Paper Box Co. v. E. R. Apt Shoe Co.,* 290 Mass. 207 where it was said in connection with a "requirement" contract:

"If business conditions resulted in reducing the defendant's requirements far below the approximate estimate, that is the misfortune of the plaintiff and any loss to it is a consequence of the kind of agreement into which it entered."

In the instant case, like the *Harvard Brewing* case there was no undertaking to produce any particular amount of transportation business by the defendant, nor was there any specific property allocated by it to the performance of the contract. Since there was no

express obligation for the defendant to produce, there was no implied obligation to continue production. As in the *Harvard Brewing* case, "the only implied promise that the plaintiff could reasonably assume from the contract was that the defendant would carry out its agreement in good faith" and do nothing unreasonable to prevent the plaintiff from enjoying the benefits of the contract. The judge found that the defendant did act in good faith, that he at no time engaged any other person to perform any of the activities contemplated by the contract, and that it deemed it unprofitable to continue its business and therefore terminated all of its affairs. Certainly there was no guarantee that the defendant would continue to produce enough transportation for the plaintiff to obtain a profit of $200.00 each month during the term of the contract. If instead of going out of business the defendant had found it necessary to diminish its activities so that no profit could be gained by the plaintiff the plaintiff would have no redress. The test is that of reasonableness and we can find nothing unreasonable about a decision arrived at in good faith that a business enterprise which was unprofitable should be terminated. On the other hand it would appear to be most unreasonable to expect that one in the position of this defendant should be required to continue an unprofitable business and incur mounting losses simply to provide business for another when there never was any guarantee that any

minimum amount of business would be produced or that any profit would be gained by the other.

The 12th article of the agreement between the parties read as follows: "This agreement shall continue in effect for three years and thereafter until terminated by either party upon not less than 60 days' written notice to the other party, delivered personally or mailed to such other party." It is admitted, and the judge properly found that no notice of termination of the contract was ever given by the defendant to the plaintiff. The finding for the plaintiff would appear to be based upon the interpretation of article 12 of the agreement as required the giving of notice of intention to terminate in any event. But even if this view is taken, the plaintiff cannot prevail. The question raised by the report is not whether a notice of termination of the contract was required or given but whether the defendant had the right to terminate its operation under the principle of the *Harvard Brewing* case above referred to. Strictly speaking the contract was not terminated. There simply was no property to which the terms of the contract could apply.

Examination of the cases cited in the *Harvard Brewing* case shows that in every case where recovery was allowed certain definite, existing and identifiable property in the hands of the defendant was devoted to the purposes of the contract.

*McNally v. Schell,* 293 Mass. 356 — a building; *Proctor v. Union Coal Co.,* 243 Mass. 428 — a farm; *Eastern Mass. St. Rwy. v. Union St. Rwy.,* 169 Mass. 329 — a railroad and equipment.

In this case no specific property of the defendant was ever allocated to the purposes of this contract and when the defendant acting in good faith terminated its business activities there was nothing to which the terms of contract could apply for the production of profit to the plaintiff.

This case is governed by the case of *Neofotistos v. Harvard Brewing Company* above referred to, that there was prejudicial error in the treatment of defendant's requests for rulings of law and that judgment should be entered for the defendant.

Bernard V. Martin of Walpole, for the Defendant.